# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### MANHATTAN DIVISION

|  |  |
|---|---|
| ZURU INC., | |
|        Plaintiff, | |
| v. | |
| THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **CASE NO.: 1:23-cv-01852-ER** |
|        Defendants. | |

## [proposed] ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS

This matter is before the Court on Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants pursuant to Fed. R. Civ. P. Rule 4(f)(3) (Doc. 10) (the "Motion"). For the reasons stated herein, the Motion is **GRANTED**.

This is a federal trademark counterfeiting and infringement case in which Plaintiff alleges that Defendants, through their individual seller stores at Amazon.com, Walmart.com and Etsy.com, are advertising, promoting, offering for sale, or selling goods bearing or using what Plaintiff has determined to be counterfeits, infringements, reproductions and/or colorable imitations of Plaintiff's respective registered trademarks.

In the Motion, Plaintiff requests an Order authorizing service of process on Defendants by e-mail and website posting and Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendants, who reside in or operate from the People's Republic of China ("China"), or other foreign countries and have established Internet-based businesses

and utilize electronic means as reliable forms of contact. (Rothman Decl. ¶¶ 9-13 in Support of Order Authorizing Alternative Service of Process.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(f)(3) permits a district court to order an alternate method for service to be effected upon foreign defendants, provided it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. See *Prewitt Enters., Inc. v. Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003); *Rio Props. Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 377 (S.D.N.Y. 2018) A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). *See Pearson Educ., Inc. v. Aggarwal,* No. 17-CV-203 (KMW), 2022 U.S. Dist. LEXIS 154253, at *8 (S.D.N.Y. Aug. 26, 2022).

"Constitutional due process requires only that service of process provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

A party seeking authorization for alternate service under Rule 4(f)(3) need not first attempt service by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the Court for 4(f)(3) relief. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012); *Makina Ve Kimya*

*Endustrisi A.S. v. A.S.A.P. Logistics Ltd.*, 2022 U.S. Dist. LEXIS 135421, at *4 (S.D.N.Y. July 29, 2022); *Rio Props.*, 284 F.3d at 1114-15.

"The decision to accept or deny service by alternate means pursuant to Rule 4(f)(3) falls soundly within the discretion of the district court." *In re GLG Life Tech Corp. Sec. Litiga.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012); *Prewitt Enters., Inc.*, 353 F.3d at 921; *Rio Props.*, 284 F.3d at 1116.

## DISCUSSION

Here, service by e-mail and web publication are not prohibited by international agreement. The United States and China are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"). See Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (listing current contracting states).

The Hague Service Convention does not specifically preclude service by e-mail and Internet publication. Further, an objection to the alternative means of service provided in Article 10 does not represent a per se objection to other forms of service, such as e-mail or website posting. See *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express objection to alternative method of service by signatory nation to preclude that particular means of service).

"Where a signatory nation has objected to only those means of service listed in Article [10], a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]." See *Schluter Sys., Ltd. P'ship v. Sanven Corp.*, No.

8:22-CV-155 (TJM/CFH), 2023 U.S. Dist. LEXIS 3069, at *10-11 (N.D.N.Y. Jan. 6, 2023) ("[T]his Court has held that China's objection to service by postal channels under Article 10 of the Hague Convention does not encompass service by email and that, further, service by email is not prohibited by any international agreement.") (citing *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015) (declining to "extend countries' objections to specific forms of service permitted by Article 10 of the Hague Convention, such as postal mail, to service by other alternative means, including email")); *Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *WhosHere, Inc. v. Orun*, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

China has not objected to service by e-mail or Internet publication. While China has declared that it opposes the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels, it has not expressly objected to service via e-mail or publication. Accordingly, service by these means does not violate an international agreement.

Additionally, due process is not offended. Defendants have at least one known and valid form of electronic contact and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants. The address to this website will be provided to Defendants through their known e-mail accounts and onsite contact forms embedded in Defendants' individual seller stores at Amazon.com, Walmart.com and Etsy.com.

Service by e-mail and website posting are therefore reasonably calculated, under all circumstances, to apprise Defendants of the pendency of the action and afford them an

opportunity to present their objections. Moreover, e-mail service on an online business Defendant is appropriate and constitutionally acceptable in a case such as this where the Plaintiff has "'supplied the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address,' and where service by email is reasonably calculated to inform the defendant of the pendency of the action." *Weingeist v. Tropix Media & Ent.*, 2022 U.S. Dist. LEXIS 59975, at *23 (S.D.N.Y. Mar. 30, 2022) (quoting *Nadim Nimai Kesten v. Broad. Music*, No. 20 Civ. 8909 (LJL), 2021 U.S. Dist. LEXIS 39926, 2021 WL 1740806, at *2 (S.D.N.Y. Mar. 3, 2021).

Moreover, given that Defendants operate via the Internet and rely on electronic communications for the operation of their businesses, email is the most likely means of communication to reach Defendants. See *Elsevier*, 287 F. Supp. 3d at 379 ("Service through email is particularly appropriate here because, as the record reflects . . . the defendants engage in online business and regularly communicate with customers through functional email addresses . . ."); *Chanel, Inc. v. Zhibing*, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (e-mail service has the "greatest likelihood" of reaching e-commerce merchants).

Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting. Accordingly, it is **ORDERED** that the Motion is **GRANTED**. Plaintiff is permitted to serve the Summonses, Complaint, and all other filings and discovery in this matter upon each Defendant by:

a)      by providing the address to Plaintiff's designated website to Defendants via the e-mail accounts provided by each Defendant as part of the data related to its individual seller store at Amazon.com, Walmart.com and Etsy.com, including customer service e-mail addresses and onsite contact forms, or by the Amazon e-mail for each of the individual seller stores; and

     b)      by publicly posting a copy of the Summons, Complaint, and all filings in this matter on Plaintiff's designated website appearing at www.sriplaw.com/notice.

     **DONE AND ORDERED** in ___New York___, New York, this _9_ th day of _March_, 2023.


_____
EDGARDO RAMOS,
UNITED STATES DISTRICT JUDGE

6