UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| ZURU INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | CASE NO.: 1:23-cv-01852-ER |

### [proposed] ORDER GRANTING *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets (Doc. 12 ), filed under 15 U.S.C. § 1116, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a), by Plaintiff, ZURU INC. ("ZURU" or "Plaintiff").

Plaintiff asks the Court to enter a Temporary Restraining Order and an order restraining the financial accounts used by Defendants. As discussed below, Plaintiff has satisfied the requirements for issuance of a Temporary Restraining Order.

### BACKGROUND

The following factual background is taken from Plaintiff's Complaint (Doc. 1 ), the Application, and supporting evidentiary submissions and exhibits.

Plaintiff created and sells a unique product consisting in a group of water fillable balloons, removably attached to hollow tubes, connected to a housing, that allow all the balloons be filled at the same time, in a few seconds (also known as water balloons and/or Bunch O

Balloons), under different federally registered trademark(s), including among them: 4709630 BUNCH O BALLOONS, 6086014 BUNCHO and 4928737 FILL AND TIE UP TO 100 WATER BALLOONS IN 60 SECONDS! (collectively the "BoB Marks"). The BoB Marks are used in connection with the manufacture and distribution of Plaintiff's high-quality and unique water balloons. (Xu Decl. ¶¶ 15, 19).

Plaintiff is the U.S. exclusive licensee of all rights in and to the BoB Marks in class 28 that are the subject of this action from ZURU (Singapore) PTE, Ltd, registered on Principal Register of the United States Patent and Trademark Office and shown in Composite Exhibit 1 to the Complaint in this action. (Xu Decl. ¶¶ 8, 16, 17).

Plaintiff alleges that Defendants, through individual seller stores operating via Amazon.com, Walmart.com and Etsy.com under their seller identification names identified on Schedule "A" to the Complaint in this action (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing or using what Plaintiff has determined to be counterfeits, infringements, reproductions and/or colorable imitations of the BoB Marks. (Xu Decl. ¶¶ 43-47; Rothman Decl. ¶¶ 13-17).

Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the BoB Marks (Xu Decl. ¶¶ 49, 57).

Plaintiff investigated the promotion and sale of counterfeit and infringing versions of Plaintiff's products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of Plaintiff's merchandise through the Seller IDs. (Xu Decl. ¶¶ 41, 42; Rothman Decl. ¶¶ 13-17).

Plaintiff or someone under its supervision accessed the individual seller stores at Amazon.com, Walmart.com and Etsy.com operating under Defendants' Seller IDs. Plaintiff or someone under its supervision created detailed web page captures and images of the products using BoB Marks (Xu Decl. ¶¶ 46, 47; Rothman Decl. ¶¶ 16, 17). Test purchases were placed for certain products – all bearing counterfeits of the at issue in this action – and requested that each product be shipped to addresses in the United States. (Xu Decl. ¶¶ 60, 61).

Plaintiff or someone under its supervision reviewed and visually inspected the products and determined the products were non-genuine, unauthorized versions of Plaintiff's products. (Xu Decl. ¶ 61).

On [~~COMPLAINT FILING DATE~~ March 3, 2023], Plaintiff filed its Complaint (Doc. 1) against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, common law trademark infringement.

On [~~TRO MOTION FILING DATE~~ March 7, 2023], Plaintiff filed its *Ex Parte* Application for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets. (Doc. 12).

## LEGAL STANDARD

To obtain a Temporary Restraining Order, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015).

Additionally, Fed. R. Civ. P. Rule 65 provides that:

3

> The court may issue a temporary restraining order without written or oral notice to the adverse party of its attorney on if:
>
> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

## DISCUSSION

Based on Declarations submitted in support of Plaintiff's Motion, the Court concludes that Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing or using counterfeits, reproductions, or colorable imitations of one or more of the BoB Marks, that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the BoB Marks, and that the infringement of the BoB Marks will likely cause Plaintiff to suffer immediate and irreparable injury if a Preliminary Injunction is not granted.

The following specific facts, as set forth in Plaintiff's Complaint, the Motion, and accompanying declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted: a) Defendants own or control individual seller stores via Amazon.com, Walmart.com and Etsy.com operating under their Seller IDs which

4

advertise, promote, offer for sale, and sell products bearing or using counterfeit and infringing trademarks in violation of Plaintiff's rights; b) there is good cause to believe that more counterfeit and infringing products bearing or using Plaintiff's trademarks will appear in the marketplace, that consumers are likely to be misled, confused, or disappointed by the quality of these products, and that Plaintiff may suffer loss of sales for its genuine products; and c) there is good cause to believe that if Plaintiff proceeds to put Defendants on notice of this Application, Defendants can easily and quickly transfer or modify e-commerce store registration data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership of the Seller IDs, thereby thwarting Plaintiff's ability to obtain meaningful relief.

    The potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a Temporary Restraining Order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued. The public interest favors issuance of the Temporary Restraining Order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods. Further, under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing counterfeits and infringements of Plaintiff's trademarks. See *Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 WL 4901407, *2 (S.D.N.Y. Oct. 11, 2012).

    In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to

believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, the Court, having considered the Motion, and having found good cause, it is **ORDERED** that the Motion is **GRANTED**, and a Temporary Restraining Order is entered as follows:

## TEMPORARY RESTRAINING ORDER

1. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained and enjoined until further Order of this Court:

   a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the BoB Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

   b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the BoB Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the BoB Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defendant, including, but not limited to, any assets held by or on behalf of any Defendant;

2. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the BoB Marks, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com, Walmart.com and Etsy.com under the Seller IDs. This order is limited to the Defendants' listings using the BoB Marks, on or in connection with all individual seller stores owned and operated, or controlled by them at Amazon.com, Walmart.com and Etsy.com under the Seller IDs, and does not apply to the Defendants' entire e-commerce stores.

3. Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the BoB Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage at Amazon.com, Walmart.com and Etsy.com (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to individual seller stores registered, owned, or operated by any Defendant at Amazon.com, Walmart.com and Etsy.com under the Seller IDs.

4. Each Defendant shall not transfer ownership of the Seller IDs during the pendency of this action, or until further order of the Court.

5. Each Defendant shall continue to preserve copies of all computer files relating to the use of any of the Seller IDs and shall take all steps necessary to retrieve computer files relating to the use of the Seller IDs that may have been deleted before the entry of this Order.

6. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. and/or Stripe Payments Company ("Stripe") and their related companies and affiliates shall, to the extent not already done, (i) immediately identify all financial accounts and/or sub-accounts, associated with the individual seller stores at Amazon.com, Walmart.com and Etsy.com operating under the Seller IDs, store numbers, infringing product numbers, and/or the e-mail addresses identified on Schedule "A" to the Complaint, as well as any other accounts of the same customer(s); (ii) identify all other accounts which transfer funds into the same financial institution account(s) or any of the other financial accounts subject to this Order; (iii) restrain the transfer of all funds, as opposed to ongoing account activity, held or received for their benefit or to be transferred into their respective financial accounts, and any other financial accounts tied thereto; and (iv) immediately divert those restrained funds to a holding account for the trust of the Court.

7. Upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms receiving notice of this Order, including but not limited to, Amazon, Etsy, PayPal, Payoneer, Stripe, Walmart, and their related companies and affiliates, shall further, to the extent not already done, provide Plaintiff's counsel with all data that details: (i) an accounting of the total funds restrained and identify the financial account(s) and sub-account(s) which the restrained funds are related to; (ii) the account transactions related to all funds transmitted into the financial account(s) and sub-account(s) which have been restrained; (iii) the historical sales for the Defendants' listings that are alleged to infringe Plaintiff's trademarks, copyrights and patent; and

(iv) the true identities along with complete contact information including email addresses of all Defendants.

8. No funds restrained by this Order shall be transferred or surrendered by any Defendant, financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

9. No Defendant whose funds are restrained by this Order may transfer said funds in possession of any financial institution, payment processor, bank, escrow service, money transmitter, or marketplace website, including but not limited to, Amazon, PayPal, Payoneer, Stripe, and their related companies and affiliates restrained by this Order to any other financial institution, payment processor, bank, escrow service, money transmitter or marketplace website without the express authorization of this Court.

10. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

11. This Order shall apply to the Seller IDs, associated individual seller stores at Amazon.com, Walmart.com and Etsy.com websites, and any other seller identification names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of counterfeiting the BoB Marks.

12. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties.

## BOND TO BE POSTED

13. Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court, and in the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

## PRELIMINARY INJUNCTION

14. A ~~(telephonic/remote video/~~in person~~)~~ hearing is set before this Court in the United States Courthouse located at ~~[INSERT ADDRESS]~~ Room 619, 40 Foley Square, New York, NY 10005 on ~~[INSERT DATE AND TIME]~~ Wednesday, March 15, 2023 at 2:30 p.m., at which time Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested Preliminary Injunction.

15. ~~[IF BY TELEPHONE] [In light of the ongoing COVID-19 pandemic, for this hearing, the parties shall appear by telephone. Counsel and/or parties shall call the toll-free number [INSERT NUMBER AND ACCESS CODE] from a landline phone five (5) minutes prior to the start of the hearing and enter the access code provided followed by the pound (#) sign; to bypass the security code, press the star key (*); and state your name, the name of the party you represent, and enter the conference.~~

16. After Plaintiff's counsel has received confirmation from the financial institutions regarding the funds restrained as directed herein, Plaintiff shall serve copies of the Complaint, Application, and this Order, on each Defendant by e-mail and/or online contact form or other means of electronic contact provided on the individual seller stores at Amazon.com,

Walmart.com and Etsy.com operating under the Seller IDs, or by providing a copy of this Order by e-mail to Amazon for each of the Seller IDs so that the marketplace platform, in turn, notifies each Defendant of the Order, or by other means reasonably calculated to give notice which is permitted by the Court.

17. Plaintiff shall post copies of the Complaint, the Application, this Order, as well as all other documents filed in this action on the website located at www.sriplaw.com/notice and shall provide the address to the website to the Defendants via e-mail/online contact form, and such notice so given shall be deemed good and sufficient service thereof.

18. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at www.sriplaw.com/notice, or by other means reasonably calculated to give notice which is permitted by the Court.

19. Additionally, for the purpose of providing additional notice of this proceeding, and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of Amazon.com, Walmart.com, Etsy.com and/or financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including but not limited to Amazon.com, Inc., PayPal Holdings, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"),  Stripe, Inc. and/or Stripe Payments Company ("Stripe"), Walmart.com, Etsy.com, and their related companies and affiliates shall, at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with Defendants' respective Seller IDs.

20. Defendants shall have five (5) business days to comply with this Temporary Restraining Order following notice.

21.     Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel by [~~DATE FOR OPPOSITION~~].    Monday, March 3, 2023

22.     Plaintiff shall file any reply to memorandum on or before [~~DATE FOR REPLY~~].    Wednesday, March 15, 2023

23.     The above dates may be revised upon stipulation by all parties and approval of this Court.

24.     Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a Preliminary Injunction against them pursuant to 15 U.S.C. § 1116(d), 17 U.S.C. § 502, 35 U.S.C. § 283, Federal Rule of Civil Procedure 65, The All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

**DONE AND ORDERED** in  New York , New York, this  9 th day of  March , 2023.

_____
EDGARDO RAMOS,
UNITED STATES DISTRICT JUDGE