**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZURU INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | CASE NO.: 1:23-cv-01852-ER |

**PROPOSED DEFAULT JUDGMENT**

THIS CASE having been commenced by ZURU INC. ("Plaintiff") against the Defendants identified on the Second Amended Schedule "A," a copy of which is attached hereto as **Exhibit 1** (collectively, the "Defaulting Defendants") using at least the online marketplace accounts identified therein, and Plaintiff having applied for entry of Default Judgment against the Defaulting Defendants; and

This Court having entered, upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants that included an asset restraining order; and

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and email, via email addresses received from the corresponding marketplaces and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired; and

**THIS COURT HAVING FOUND** that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities towards consumers in the United States, including Manhattan, by offering to sell and ship products into this Judicial District and, more specifically, Defaulting Defendants are reaching out to do business with Manhattan residents by operating one or more commercial, interactive Internet stores through which Manhattan residents can purchase products bearing counterfeit versions of products utilizing one or more of the BUNCH O BALLOONS Trademark, U.S. Trademark Registration No.: 4709630, the BUNCHO Trademark, U.S. Trademark Registration No.: 6086014, and/or the FILL AND TIE UP TO 100 WATER BALLOONS IN 60 SECONDS! Trademark, U.S. Trademark Registration No.: 4928737 (together, the "BOB Trademarks"); and

**THIS COURT HAVING FOUND** that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and/or violation of unfair competition under New York common law; now therefore

**IT IS HEREBY ORDERED** that Plaintiff's application for entry of Default Judgment is **GRANTED** in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

Accordingly, this Court **ORDERS**:

**A. Permanent Injunctive Relief:**

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Order are hereby permanently restrained and enjoined:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the BOB Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing and/or using the BOB Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the BOB Marks, or any confusingly similar trademarks; or (iii) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, any Defaulting Defendant, including, but not limited to, any assets held by or on behalf of any Defaulting Defendant;

2. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any defendant having notice of this Permanent Injunction shall immediately and permanently discontinue the use of the BOB Marks, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them,

including the Internet based e-commerce stores operating under the Seller IDs. This order is limited to the Defaulting Defendant' listings using the BOB Marks, or any confusingly similar trademarks, on or in connection with all Internet based e-commerce stores owned and operated, or controlled by them, including the Internet based e-commerce stores operating under the Seller IDs, and does not apply to the Defaulting Defendants' entire e-commerce stores.

3. Each Defaulting Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defaulting Defendant having notice of this Preliminary Injunction shall immediately and permanently discontinue, the use of the BOB Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores registered, owned, or operated by any Defaulting Defendant, including the Internet based e-commerce stores operating under the Seller IDs.

4. Defaulting Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Payments, Inc. ("Amazon"), Etsy, Inc. ("Etsy"), Walmart.com ("Walmart"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), WorldFirst UK Limited ("WorldFirst"), or PingPong Global Solutions Inc. ("PingPong"), Stripe, Inc. and/or Stripe Payments Company ("Stripe"), Walmart.com and their related companies and

affiliates on which this court imposed restraints under the Preliminary Injunction are ordered to release to Plaintiff the funds restrained to satisfy the monetary judgments.

**B. Trademark Counterfeiting and Infringement as to all Defaulting Defendants:**

Statutory damages of $125,000.00 in favor of Plaintiff against each Defaulting Defendant pursuant to 15 U.S.C. § 1117(c), for which let execution issue.

**C. Release of bond:**

The bond posted by Plaintiff in the amount of $5,000.00 is ordered to be released by the Clerk.

The Court orders execution to issue for this judgment.

The Court denies all relief not granted in this judgment.

This is a FINAL JUDGMENT.

**SO ORDERED**

THIS __24th__ DAY OF __October__, 2023

_____
HONORABLE EDGARDO RAMOS

The Clerk of Court is respectfully directed to close the case.